UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


FRANK LEONARD BUTZ,

        Plaintiff,

                                   Case No.  2:15-CV-12233

v.                                Judge Matthew F. Leitman
                                Magistrate Judge Anthony P. Patti


JERRY CLAYTON and
SECURUS TECHNOLOGIES, INC.,

        Defendant.

_____/

**REPORT AND RECOMMENDATION REGARDING DEFENDANTS'
MOTIONS TO DISMISS (DEs 10, 11 & 16) and PLAINTIFF'S REQUEST
FOR APPOINTMENT OF COUNSEL (DE 18)**

**I.**    **RECOMMENDATION**:  The Court should grant Defendants' motions to

dismiss (DEs 10, 11 & 16) and deny without prejudice Plaintiff's request for

appointment of counsel (DE 18).[1]

**II.**    **REPORT:**

    **A.**    **Background**

    Plaintiff is a party to two cases in this Court.[2]  On June 19, 2015, while

incarcerated at the Washtenaw County Jail (WCJ) in Ann Arbor, Michigan,

---

[1] Securus's memorandum in support (DE 11) was docketed as a motion; therefore, when the Court rules upon Securus's accompanying motion (DE 10), it should terminate both matters consistently.

Plaintiff Frank Leonard Butz (WCJ #144609) filed the instant lawsuit *pro se*

against (1) Jerry Clayton, the Washtenaw County Sheriff, in his official and

personal capacities, and (2) "Securus Correctional Billing Services / Securus

Technologies T-Netix Inc." (*See* DE 1 at 1-2.)[3 and 4]  In sum, Plaintiff's complaint

---

[2] Plaintiff's other lawsuit, also filed on June 19, 2015, concerns different conditions of confinement at Washtenaw County Jail (WCJ) and was filed against Wayne County Sheriff Jerry Clayton. *See* Case No. 2:15-cv-12232-MFP-APP (E.D. Mich.).  (DE 1 at 3.)  On December 28, 2015, the Clerk of the Court reassigned the instant case to Judge Leitman, as it appeared to be a companion case to the prior-filed lawsuit.  (*See* DE 21.)

[3] Defendant asserts Plaintiff was released from WCJ on June 17, 2015, two days before the instant matter was filed.  (DE 16 at 9, 13.)  Consistently, Plaintiff's August 11, 2015 notice of change of address/contact information indicates that Plaintiff is no longer at WCJ and has moved to a private address in Three Rivers, Michigan.  (DE 6.)

[4] The number of Defendants named by Plaintiff is somewhat unclear.  Plaintiff's list of parties includes Defendant Jerry Clayton, as well as Defendant "Securus Correctional Billing Services / Securus Technologies T-Netix Inc."  (DE 1 at 1-2.) However, the September 11, 2015 notice of appearance of counsel identifies this Defendant, singularly, as Securus Technologies, Inc.  (DE 8.)  Moreover, Plaintiff's returns of service evidence three mailings of the summons and complaint:  (1) for Washtenaw County Sheriff Jerry Clayton to what appears to be his office address, (2) for Securus Technologies / T-Netix Inc to an address for correspondence and (3) for Securus Correctional Billing Services to the address for payments.  (*See* DE 15 at 3, 7 & 15; *see also* http://www.ewashtenaw.org/directory.html, https://securussim.securustech.net/Account/PreLoginContactUs.aspx, and https://securustech.net/contact-us.)  Given these observations, and the appearance that, around 2004, T-Netix and Evercom Systems merged and formed Securus Technologies (*see* http://apps.securustech.net/history.asp), this report and recommendation will refer to two defendants – Clayton and Securus Technologies, Inc.

concerns the conditions and cost of phone service at WCJ.  (*See* DE 1 at 3.)  He

seeks the following forms of relief, as quoted verbatim:

> 1) Allow prisoners to purchase phone time at a reduced rate so they can afford to call their loved ones without putting a financial burden on their loved ones for their calls, and stop solicitatious interruptions.
>
> 2) Pay me $2,000,000 (two million dollars) for my frustration[,] grief, and suffering.

(DE 1 at 4.)

### B.   Instant Motion

Currently pending in this case are (1) Defendant Securus Technologies,

Inc.'s (Securus's) September 11, 2015 motion to dismiss, or, in the alternative,

motion for more definite statement (DE 10), regarding which a memorandum in

support (DE 11) and declaration of Cindy A. Carey (DE 12) have been filed, and

(b) Sheriff Clayton's September 16, 2015 motion to dismiss (DE 16).

The Court issued orders setting deadlines for Plaintiff's responses to these

motions.  (*See* DEs 14, 17.)  Instead of filing a substantive response to these

motions, Plaintiff filed an "affidavit and response," which lists ten challenges he

faces and contains the following prayer for relief:

> Plaintiff Frank Butz prays the Court grant a hearing to determine if [P]laintiff can be appointed legal counsel, how to proceed, explain "Dismiss With Prejudice", grant Defendant(s) Motions, or whatever the Court deems appropriate.

(DE 18 at 1-2.)  Notably, Plaintiff has twice filed this same "affidavit and response," word for word, in response to motions filed in Case No. 2:15-cv-12232-MFL-APP (9 & 13, 15 & 17).[5]  Defendant Sheriff Clayton has filed a reply.  (DE 19.)[6]

### C.    Fed. R. Civ. P. 12(b)(6)

Each of the defendants argues *inter alia* that Plaintiff has failed to state a claim upon which relief may be granted.  (*See* DE 10 ¶ 2, DE 11 at 5-6, DE 16 at 10-12.)  By way of background, the Federal Rules of Civil Procedure require "[a] pleading that states a claim for relief [to] contain:  . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  The rule governing defenses and objections provides corollary direction,

---

[5] Moreover, the same "affidavit and response" was filed a third time in Case No. 2:15-cv-12232.  (*See* DE 12.)  However, it appears Plaintiff intended to file it with respect to motions to dismiss in the case at bar.  (DEs 10, 11, 16.)

[6] Technically, Defendants' motions to dismiss (DEs 10 & 16) are unopposed and could be granted on that basis.  "A respondent opposing a motion must file a response, including a brief and supporting documents then available."  E.D. Mich. LR 7.1(c)(1).  Here, Plaintiff's September 30, 2015 filing (DE 18) does not constitute a response to the substance of Defendants' motions to dismiss, and Defendant Clayton makes note of this in his reply (DE 19 at 6-7).  *See also*, *i.e.*, *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) ("where, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.").  Relatedly, the Court should construe Plaintiff's September 30, 2015 filing (DE 18) as a motion to appoint counsel and should deny it without prejudice to renewal if this case survives dispositive motion practice, proceeds to trial and/or if other circumstances warranting the appointment of counsel later arise.

4

namely that a party may assert the defense of "failure to state a claim upon which relief can be granted . . ." by motion.  Fed. R. Civ. P. 12(b)(6).

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action").  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Furthermore, the Court holds *pro se* complaints to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520

5

(1972). However, even in pleadings drafted by *pro se* parties, "'courts should not

have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482

F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989)). Moreover, "courts may not rewrite a complaint to include claims

that were never presented . . . nor may courts construct the Plaintiff's legal

arguments for him. Neither may the Court 'conjure up unpled allegations[.]'"

*Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009)

(Ludington, J., adopting report and recommendation of Binder, M.J.).[7]

### D.   Discussion

As an initial matter, I note that Plaintiff's June 19, 2015 complaint is the

only substantive matter he has filed in this case.[8] The crux of his complaint is

limited to one-page and states as follows:

> I am not able to call any of my loved ones from any phone in any cell,
> as they have cell phones. They have to set up an account for my
> collect calls and the charges are outrageous. Some calls are
> interrupted by solicitatious recordings, and charged another

---

[7] *See also, Evans v. Mercedes Benz Fin. Servs., LLC*, No. 11-11450, 2011 WL
2936198, at *2 (E.D. Mich. July 21, 2011) ("Even excusing plaintiff's failure to
follow Rules 8(a)(2) and 10(b), a *pro se* plaintiff must comply with basic pleading
requirements, including Rule 12(b)(6).").

[8] Of the first twenty-three (23) matters filed in this case, Plaintiff has filed four
(DEs 1, 6, 15 & 18), only one of which is substantive; the Court has filed eight
matters (DEs 2, 3, 4, 5, 7, 14, 17 & 21); Defendant Securus has filed five matters
(DEs 8, 9, 10, 11, 12); and Defendant Clayton has filed six matters (DEs 13, 16,
19, 20, 22 & 23).

outrageous amount.  Some calls only last a few minutes, and are charged an outrageous amount for 10 or 15 minutes.

First though, initially, I am offered a free call that lasts long enough to say 'hello' then is interrupted for a solicitatious recording for my loved ones to accept my call by agreeing to set up arrangement to pay for my collect call, and then because they want to know what is the call about, they accept and are charged an outrageous amount.  They are charged $15.00 or $20.00 for a 10 or 15 minute call, usually I have to repay them for the call, because they refuse to pay such outrageous amounts.

(DE 1 at 3.)  Upon consideration, the Court should grant Defendants' motions to dismiss.  (DEs 10 & 16.)

### 1. Plaintiff has failed to state a claim upon which relief may be granted as to either Defendant Clayton or Defendant Securus.

As evidenced by the above-quoted paragraphs, Plaintiff's June 19, 2015 "Statement of Claim" does not identify the legal basis or bases for his claims, such as whether these allegations violate state and/or federal law.  In fact, Plaintiff's September 30, 2015 filing states, "I do not know if there are valid legal arguments to support any constitutional violation claim that I may or may not have, or if I have a valid legal argument to proceed."  (DE 18 ¶ 9.)  This is in direct contravention of Rule 11, which states that "[b]y presenting to the court a pleading, written motion, or other paper[,]" an "unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . ." the "claims…and other legal contentions

7

are warranted by existing law or by nonfrivilous argument for extending,

modifying, or reversing existing law or for establishing new law[.]"  Fed. R. Civ.

P. 11(b)(2).  In light of this admission, and for the reasons which follow, his claims

are not "sufficient to 'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'"  *U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532

F.3d 496, 503 (6th Cir. 2008) (quoting *Erickson v. Pardus,* 551 U.S. 89, 93 (2007))

(quoting *Twombly,* 550 U.S. at 555).

Given Plaintiff's *pro se* status, the Court recognizes the possibility that he

filed his complaint pursuant to 42 U.S.C. § 1983 ("Civil action for deprivation of

rights").  Even so, the United States Supreme Court has instructed:

> Section 1983 "is not itself a source of substantive rights," but merely
> provides "a method for vindicating federal rights elsewhere
> conferred." *Baker v. McCollan,* 443 U.S. 137, 144, n. 3 . . . (1979).
> The first step in any such claim is to identify the specific
> constitutional right allegedly infringed.  *Graham v. Connor,* 490 U.S.
> 386, 394 . . . (1989); and *Baker v. McCollan, supra,* 443 U.S., at
> 140[].

*Albright v. Oliver*, 510 U.S. 266, 271 (1994).  Here, Plaintiff fails to describe the

law upon which his claims are based, no specific constitutional right has been

identified, and it is not incumbent upon this Court to guess what it might be.

Additionally, as Defendant Clayton points out, "[f]ederal courts . . . have

consistently rejected First Amendment claims challenging high telephone rates on

grounds that prisoners are not entitled to a specific rate for telephone calls and that

8

prisoners failed to allege that the rates were so exorbitant as to deprive them of telephone access altogether." *Terry v. Calhoun Cty. Corr. Facility*, No. 1:12-CV-347, 2012 WL 5198376, at *3 (W.D. Mich. Oct. 19, 2012) ("[Terry] does not allege that he was unable to make telephone calls or otherwise communicate with friends and family as a result of the high telephone rates."); *LaPlante v. Lovelace*, No. 2:13-CV-32, 2013 WL 5572908, at *15 (W.D. Mich. Oct. 9, 2013) (same). Here, Plaintiff alleges that his loved ones had to set up an account for his collect calls, describes the charges as "outrageous," contends there are solicitatious interruptions, and claims he usually has to reimburse his loved ones "because they refuse to pay such outrageous amounts." (DE 1 at 3.) Nonetheless, even if Plaintiff intended to bring a First Amendment claim under 42 U.S.C. § 1983, he is not entitled to a specific telephone rate, nor has he alleged that the telephone rates at WCJ are so high that the rates deprive him of telephone access; indeed, on its face, the complaint indicates that he *has successfully exercised* his right to telephone access.

> **2.   Plaintiff has failed to allege Defendant Clayton's personal involvement in the matters forming the basis of his complaint.**

Defendant Clayton is correct that "Plaintiff's pleading[] fail[s] to allege any personal involvement by Defendant." (DE 16 at 12-13.) "[A] complaint must allege that the defendants were personally involved in the alleged deprivation of

9

federal rights." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (citing *Hall v. United States,* 704 F.2d 246, 251 (6th Cir.1983)).  As can be seen from the above-quoted statement of claim (DE 1 at 3), Plaintiff has not made any specific allegation that Sheriff Clayton was "personally involved in or responsible for" any of the violations Plaintiff alleges.  *See Frazier v. Michigan*, 41 F.App'x 762, 764 (6th Cir. 2002) ("Frazier's complaint contained no specific facts in support of his conclusory allegations that the defendants violated his constitutional and statutory rights.  Moreover, Frazier failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights.").

In addition, to the extent Plaintiff names Sheriff Clayton as a defendant on the basis of the control he may have over the WCJ, "[t]he law is clear that liability of supervisory personnel must be based on more than merely the right to control employees:

> Without more, such a theory would allow liability on a respondeat superior basis-a basis expressly rejected by the Supreme Court in *Monell v. Department of Social Services*, 436 U.S. 658 . . . (1978) under [§] 1983, and by this court in *Jones v. City of Memphis*, 586 F.2d 622 (6th Cir. 1978) in a direct constitutional action pursued in accordance with the case of *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 . . . (1971).

*Hays v. Jefferson Cty., Ky.*, 668 F.2d 869, 872 (6th Cir. 1982).  In other words, "the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute

10

liability onto supervisory personnel . . . unless it is shown that the defendant

'encouraged the specific incident of misconduct or in some other way directly

participated in it.'"   *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005)

(citing *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658, 691–95 (1978),

(quoting *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir.1984)).  As the District

Court for the Western District of Michigan explained in a similar case:

> . . . while Plaintiff alleges that issues with the phones were referred to
> Defendants Frierson, Mason and Watson, he does not allege that those
> Defendants had any control whatsoever over the amount that inmates
> were charged for telephone calls.  Because Plaintiff does not allege
> that Defendants Frierson, Mason and Watson actively engaged in
> unconstitutional conduct, he fails to state a claim against them.  *See
> Iqbal,* 556 U.S. at 676 ("[A] plaintiff must plead that each
> Government-official defendant, through the official's own individual
> actions, has violated the Constitution."); *see also Grinter v. Knight,*
> 532 F.3d 567, 575 (6th Cir.2008); *Greene v. Barber,* 310 F.3d 889,
> 899 (6th Cir.2002).  Plaintiff, therefore, fails to state a First
> Amendment claim based upon the telephone fees charged at CCCF
> [Calhoun County Correctional Facility].

*Terry*, 2012 WL 5198376, at *3.  Plaintiff's "Statement of Claim" not having even

mentioned Defendant Sheriff Clayton by name or title (DE 1 at 3), Plaintiff has,

likewise, not shown specific misconduct or direct participation on Defendant

Clayton's part.

### 3.    Defendant Securus is not a state actor under these circumstances.

Defendant Securus explains that it "holds a public contract with the

Washtenaw County Sheriff's Office to provide and operate telecommunications

11

equipment and telephone services to the [WCJ] . . . ."  (DE 11 at 2.)  Although not

an argument advanced by Defendant Securus, this Court cannot help but note that

"the provision of telephone services to inmates in a county jail, and then charging

for them pursuant to its contract with the county, does not transform [defendant

telephone company] into a state actor for purposes of § 1983."  *See Pierce v.*

*Kalamazoo Cty. Jail*, No. 1:14-CV-684, 2014 WL 5599693, at *2 (W.D. Mich.

Nov. 3, 2014); *see also LaPlante*, 2013 WL 5572908, at *16 ("the fact that

Evercom provides telephone services to prisoners pursuant to a contract with the

MCJ, alone, is insufficient to transform Evercom into a state actor for purposes of

Section 1983."); *Iswed v. Caruso*, No. 1:08-CV-1118, 2009 WL 4251076, at *3

(W.D. Mich. Nov. 24, 2009) ("The fact that Embarq may contract with the state for

delivery of telephone services does not render it a 'state actor' for purposes of §

1983.").  *But cf, Walen v. Embarq Payphone Servs. Inc.*, No. 06-14201, 2009 WL

3012351, at *3-*4 (E.D. Mich. Sept. 17, 2009) (O'Meara, J., adopting report and

recommendation of Whalen, M.J.) (in a case where six conversations between the

plaintiff and his attorney were erroneously recorded, the telephone company

qualified as a state actor *where it provided the telephone monitoring system*).  In

the instant matter, Plaintiff at best alleges that this defendant merely provided the

telephone service itself, that calls were interrupted by commercial solicitations and

that the toll charges were exorbitantly expensive.  As the Supreme Court made

clear in *Rendell–Baker v. Kohn*, 457 U.S. 830, 841 (1982), "[a]cts of ... private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts." Without more, the allegations made here do not turn Securus into a state actor.

### 4.    Arguments Not Addressed and Conclusion

Finally, if the Court agrees with my foregoing conclusions, then it need not address Defendant Clayton's additional arguments relating to mootness and qualified immunity. (DE 16 at 13-15.)[9] Nor, despite the brief reference above, would the Court need to further address Defendant Clayton's argument in reply that "Plaintiff's Response reveals that Plaintiff's Complaint was filed in violation of Rule 11, and this Court may dismiss his Complaint *sua sponte*[,]" (DE 19 at 9-11.) In sum, the Court should simply conclude that Defendant Clayton is entitled to dismissal of the complaint against him, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to state a claim upon which relief may be granted and because he has failed to allege Defendant Clayton's personal involvement.

Likewise, if the Court agrees with my foregoing conclusions, then it need not address Defendant Securus's additional arguments regarding failure to exhaust administrative remedies and insufficient service of process upon Defendant

---

[9]Nevertheless, given Plaintiff's apparent June 17, 2015 release from WCJ, his prayer to have the Court "allow prisoners to purchase phone time at a reduced rate," (DE 1 at 4), does, even upon a cursory review, appear to be dismissible for both mootness and lack of standing.

Securus (DE 11 at 2-5, 7-10) or, alternatively, seeking a more definite statement (DE 11 at 10-12). Instead, the Court should simply conclude that Defendant Securus is entitled to dismissal of the complaint against it, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to state a claim upon which relief may be granted and/or because Defendant Securus is not a state actor for purposes of 42 U.S.C. § 1983.

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and

14

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

72.1(d).  The response must specifically address each issue raised in the objections,

in the same order, and labeled as "Response to Objection No. 1," "Response to

Objection No. 2," *etc.*  If the Court determines that any objections are without

merit, it may rule without awaiting the response.

Dated: April 25, 2016                s/Anthony P. Patti
                                     Anthony P. Patti
                                     UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record
on April 25, 2016, electronically and/or by U.S. Mail.

                                     s/Michael Williams
                                     Case Manager for the
                                     Honorable Anthony P. Patti